# Tab 15.

# Exhibit A.

(WHR, Jr. 2758)
PITNEY, HARDIN, KIPP & SZUCH
Park Avenue at Morris County
P.O. Box 1945
Morristown, NJ 07962-1945
(201) 966-6300

Attorneys for Plaintiffs
Rollins Environmental Services
 (NJ) Inc., et al.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROLLINS ENVIRONMENTAL SERVICES (NJ) INC., ALLIED-SIGNAL INC., BURROUGHS WELLCOME CO., CIBA-GEIGY CORPORATION, E.I. DUPONT DE NEMOURS & CO., INC., ICI AMERICAS INC., MONSANTO COMPANY, OLIN CORPORATION, OLIN HUNT SUB. III CORP., POLAROID CORPORATION, RUETGERS-NEASE CHEMICAL COMPANY, INC., SMITHKLINE BEECHAM CORPORATION, and TEXACO INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY, DEPARTMENT OF THE AIR FORCE, DEPARTMENT OF THE NAVY, DEFENSE LOGISTICS AGENCY, DEFENSE REUTILIZATION MARKETING OFFICE, REGAL PETROLEUM COMPANY, BRIDGEPORT RENTAL AND OIL SERVICES INC., DOMINICK BORRELLI, ELIA BORRELLI, A&A WASTE OIL, INC., ALBERT PAUL d/b/a AL PAUL'S TANK CLEANING, and MID-ATLANTIC REFINERY SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Rollins Environmental Services (NJ) Inc., Allied-Signal Inc., Burroughs Wellcome Co., CIBA-GEIGY

PRIVILEGED AND CONFIDENTIAL B&D MA LM          0035579

Corporation, E.I. DuPont de Nemours & Co., Inc., ICI Americas Inc., Monsanto Corporation, Olin Corporation, Olin Hunt Sub. III Corp., Polaroid Corporation, Ruetgers-Nease Chemical Company, Inc., SmithKline Beecham Corporation, and Texaco Inc., by and through their undersigned attorneys, hereby aver as follows:

### STATEMENT OF THE CASE

1. This civil action seeks recovery of response costs and declaratory relief with regard to a waste oil storage, waste oil recovery, and waste oil re-refining site extensively utilized by United States' military installations to dispose of tens of million of gallons of waste oils contaminated with hazardous substances. The property, located in Logan Township, Gloucester County, New Jersey and known as the Bridgeport Rental & Oil Services ("B.R.O.S.") site, is listed on the National Priorities List ("NPL"). The action is brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation & Liability Act of 1980 ("CERCLA"), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. § 9607.

2. **Between 1960 and 1980, as set forth more fully below, the single largest contributor of waste to the B.R.O.S. site was the United States through fifteen (15) or more Department of Defense facilities** including, inter alia,

-2-

PRIVILEGED AND CONFIDENTIAL B&D MA LM                0035580

the Philadelphia Naval Shipyard in Pennsylvania, the Patuxent River Naval Air Station in Maryland, the Dover Air Force Base in Delaware, and Camp Le Juene in North Carolina. These United States' military installations arranged to treat and/or dispose of tens of millions of gallons of wastes containing hazardous substances at the B.R.O.S. site, including waste oils, lubricating oils, Bunker C oils, hydraulic oils, transformer oils, PCB oils, and jet fuels.

3. Plaintiffs seek to recover in excess of $1 million in costs already expended and to be expended in response to the release or threat of release into the environment of hazardous substances contained in wastes contributed by the United States and other defendants. Plaintiffs also request a declaratory judgment that each of the named defendants, including the United States, is jointly and severally liable for all response costs already incurred by the plaintiffs and for all future response costs incurred in connection with the B.R.O.S. site.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to §§ 107(a), 113(b) and 120(a) of CERCLA, 42 U.S.C. §§ 9607(a), 9613(b), and 9620(a) and § 1331 of the United States Judicial Code, 28 U.S.C. § 1331.

PRIVILEGED AND CONFIDENTIAL B&D MA LM        0035581

**VENUE**

5. Venue is proper in the District Court for the District of New Jersey pursuant to Sections 113(b) and (f) of CERCLA, 42 U.S.C. §§ 9613(b) and (f), and 28 U.S.C. § 1391(b) and (c).

**PLAINTIFFS**

6. Plaintiff Rollins Environmental Services (NJ) Inc. is incorporated in the State of Delaware and has its principal place of business in Bridgeport, New Jersey.

7. Plaintiff Allied-Signal Inc. is incorporated in the State of Delaware and has its principal place of business in Morristown, New Jersey.

8. Plaintiff Burroughs Wellcome Co. is incorporated in the State of North Carolina and has its principal place of business in Research Triangle Park, North Carolina.

9. Plaintiff CIBA-GEIGY Corporation is incorporated in the State of New York and has its principal place of business in Ardsley, New York.

10. Plaintiff E.I. DuPont De Nemours & Co., Inc. is incorporated in the State of Delaware and has its principal place of business in Wilmington, Delaware.

11. Plaintiff ICI Americas Inc. is incorporated in the State of Delaware and has its principal place of business in Wilmington, Delaware.

-4-

PRIVILEGED AND CONFIDENTIAL B&D MA LM                0035582

12. Plaintiff Monsanto Company is incorporated in the State of Delaware and has its principal place of business in St. Louis, Missouri.

13. Plaintiff Olin Corporation is incorporated in the Commonwealth of Virginia and has its principal place of business in Stamford, Connecticut.

14. Plaintiff Olin Hunt Sub. III Corp. is incorporated in the State of Delaware and has its principal place of business in West Patterson, New Jersey.

15. Plaintiff Polaroid Corporation is incorporated in the State of Delaware and has its principal place of business in Cambridge, Massachusetts.

16. Plaintiff Reutgers-Nease Chemical Company, Inc. is incorporated in the Commonwealth of Pennsylvania and has its principal place of business in Pennsylvania.

17. Plaintiff SmithKline Beecham Corporation is incorporated in the Commonwealth of Pennsylvania and has its principal place of business in Pennsylvania.

18. Plaintiff Texaco Inc. is incorporated in the State of Delaware and has its principal place of business in Harrison, New York.

**DEFENDANTS**

19. Defendant, the United States of America ("United States"), is a resident of the District of Columbia.

PRIVILEGED AND CONFIDENTIAL B&D MA LM                    0035583

20. Defendant, the Department of Defense, is an agency of the United States which has its principal residence at the Pentagon in the Commonwealth of Virginia.

21. Defendant, the Department of the Air Force, is an agency of the United States which has its principal residence at the Pentagon in the Commonwealth of Virginia.

22. Defendant, the Department of the Army, is an agency of the United States which has its principal residence at the Pentagon in the Commonwealth of Virginia.

23. Defendant, the Department of the Navy, is an agency of the United States which has its principal residence at the Pentagon in the Commonwealth of Virginia.

24. Defendant, the Defense Logistics Agency, is an agency of the United States which has its principal residence in the Commonwealth of Virginia.

25. Defendant, the Defense Reutilization and Marketing Office, is an agency of the United States which has its principal place of residence in the State of Michigan.

26. Defendant, Regal Petroleum Company, is or was a corporation incorporated in the Commonwealth of Pennsylvania.

27. Defendant, Bridgeport Rental & Oil Services, Inc., is or was a corporation incorporated in the State of New Jersey.

PRIVILEGED AND CONFIDENTIAL B&D MA LM        0035584

28. Defendant, Dominick Borrelli, is an individual whose principal place of residence is in Center Square, Swedesboro in the State of New Jersey.

29. Defendant, Elia Borrelli, is an individual whose principal place of residence is in Swedesboro in the State of New Jersey.

30. Defendant, A&A Waste Oil Company, Inc., is a Maryland corporation with its principal place of business in Baltimore, Maryland.

31. Defendant, Albert Paul d/b/a Al Paul's Tank Cleaning, is a resident of the Commonwealth of Pennsylvania.

32. Defendant, Mid-Atlantic Refinery Services, Inc. ("MARS"), is a New Jersey corporation with its principal place of business in Deptford, New Jersey.

### THE SITE

33. The B.R.O.S. site is located in Logan Township, Gloucester County, New Jersey, approximately one mile east of the town of Bridgeport and approximately two miles south of the Delaware River.

34. The B.R.O.S. site occupies approximately thirty (30) acres of which approximately fifteen (15) acres were utilized for, inter alia, the treatment and disposal of waste oil.

35. The B.R.O.S. site includes a lagoon of approximately thirteen (13) acres which was used for the

-7-

treatment and disposal of wastes, including waste oils, lubricating oils, Bunker C oils, hydraulic oils, transformer oils, PCB oils, and jet fuels from the United States and its agencies.

36. The wastes of the United States and the other defendants which were treated and/or disposed of at the B.R.O.S. site contained various hazardous substances as defined in § 101(14) of CERCLA, 42 U.S.C. § 9601(14) and 40 C.F.R. § 302.4.

37. During the 1930's and 1940's, the B.R.O.S. site was utilized as a sand and gravel mining operation.

38. During the 1950's and 1960's, the B.R.O.S. site was owned and operated by Regal Petroleum Company for the recovery and re-refining of waste oils and as a tank storage facility. During this period, the waste oil lagoon was largely formed.

39. During 1964, a fire destroyed the oil re-refining processes at the B.R.O.S. site. Despite the lack of re-refining equipment, wastes of the United States containing hazardous substances, including waste oils, lubricating oils, Bunker C oils, hydraulic oils, transformer oils, PCB oils, and jet fuels continued to be sent to the B.R.O.S. site and to be deposited in part in the lagoon at the site.

40. On April 15, 1969, Bridgeport Rental & Oil Services, Inc. ("B.R.O.S.") acquired the site.

PRIVILEGED AND CONFIDENTIAL B&D MA LM         0035586

41. From 1969 through 1980, B.R.O.S. owned and operated the site and continued to accept wastes containing hazardous substances from, inter alia, the United States.

42. Between 1960 and 1980, the United States arranged for the treatment and/or disposal of tens of millions of gallons of wastes containing hazardous substances, including waste oils, lubricating oils, Bunker C oils, hydraulic oils, transformer oils, PCB oils, and jet fuels. These wastes were generated by the United States at Army, Air Force, Marine, and Navy facilities, among others, transported to the B.R.O.S. site, and either treated or disposed of at the site, including being deposited in part in the lagoon at the B.R.O.S. site.

43. Among the United States' military installations which sent wastes containing hazardous substances to the B.R.O.S. site are the following:

> Dover Air Force Base, Dover, Delaware
> Washington Naval Yard, Washington, D.C.
> Fort Monmouth, New Jersey
> Willow Grove Naval Air Station, Willow Grove, Pennsylvania
> Frankford Arsenal, Philadelphia, Pennsylvania
> Camp Le Jeune, Cherry Point, North Carolina
> Andrews Air Force Base, Washington, D.C.
> Philadelphia Naval Shipyard, Philadelphia, Pennsylvania
> Fort Dix, Fort Dix, New Jersey
> McGuire Air Force Base, Fort Dix, New Jersey
> Fort Mead, Maryland
> Patuxent River Naval Air Station, Patuxent River, Maryland
> Aberdeen Proving Ground, Maryland
> Lakehurst Naval Air Engineering Center, Lakehurst, New Jersey
> Cherry Point Naval Facility, Cherry Point, North Carolina

-9-

Letterkenny Army Depot, Chambersburg, Pennsylvania
Norfolk Naval Base, Norfolk, Virginia
Brooklyn Naval Yard, New York, New York

### PROCEDURAL HISTORY

44. On January 11, 1970, the State of New Jersey Department of Environmental Protection ordered B.R.O.S. to treat the waste oil layers of the B.R.O.S. lagoon; and, following on-site treatment, B.R.O.S. discharged the effluent directly into Little Timber Creek, from which it flowed into the Delaware River. This process continued until approximately 1975.

45. On December 27, 1973, the State of New Jersey Department of Environmental Protection filed suit against the defendant Bridgeport Rental & Oil Services, Inc., charging the defendant had allowed contaminated waste oil to leach from the waste oil lagoon.

46. Pursuant to a Consent Order entered April 26, 1976, B.R.O.S. was required to collect and analyze samples from the waste oil lagoon and to formulate a treatability study for the oil wastes.

47. B.R.O.S. did not comply with that Order.

48. A second Order was entered on March 4, 1977 requiring B.R.O.S. to prepare a preliminary engineering report on the feasibility of a treatment proposal for the material in the waste oil lagoon.

49. B.R.O.S. did not comply with that Order.

-10-

PRIVILEGED AND CONFIDENTIAL B&D MA LM           0035588

50. On October 2, 1980, defendant, the United States, filed suit against defendants, B.R.O.S., Dominick Borrelli, and Elia Borrelli in this Court. United States v. Bridgeport Rental and Oil Services, Inc., Civil Action No. 80-3267 (D.N.J.). The complaint filed by the United States sought broad injunctive relief requiring these three defendants to "eliminate all migration of hazardous and toxic substances from the site, to remove contaminated substances that have migrated from the site, and to restore the environment to its natural condition."

51. Defendants, B.R.O.S., Dominick Borrelli, and Elia Borrelli were clearly liable to defendant, the United States, for the relief sought by the United States in Civil Action No. 80-3267.

52. In 1982, defendant, the United States, released defendants B.R.O.S., Dominick Borrelli, and Elia Borrelli from civil liability in exchange for a cash payment of $25,000 and certain other promises.

53. On October 29, 1982, the United States and the New Jersey Department of Environmental Protection entered into a Superfund State Contract for remedial activities at the B.R.O.S. site pursuant to § 104 of CERCLA, 42 U.S.C. § 9604.

54. The United States, through the Environmental Protection Agency, completed a Remedial Investigation and a

-11-

PRIVILEGED AND CONFIDENTIAL B&D MA LM          0035589

Feasibility Study with regard to the B.R.O.S. site in July of 1984.

55. On December 31, 1984, the United States, through the Environmental Protection Agency, signed a Record of Decision ("ROD"), selecting remedial measures for the B.R.O.S. site.

56. The United States, through the Environmental Protection Agency, selected the December 31, 1984 remedy without adequate opportunity for comment by the plaintiffs.

57. The December 31, 1984 remedy requires, inter alia, the on-site incineration of waste oils and waste oil residues that were treated and/or disposed at the B.R.O.S. site. Most of these waste oils and residues are attributable to the treatment and/or disposal of wastes contributed to the site by the United States.

58. Following the issuance of the Record of Decision, during 1987 and 1988 the tank farm at the B.R.O.S. site was dismantled and an on-site water treatment plant was constructed at a cost in excess of $8 million.

59. During 1989, the United States Environmental Protection Agency awarded a remediation contract to EBASCO in the amount of $52.5 million primarily for remediation of the waste oil lagoon, including on-site incineration of oil from the lagoon, sludges and sediments from the lagoon, and the treatment of water from the lagoon.

-12-

PRIVILEGED AND CONFIDENTIAL B&D MA LM                    0035590

60. On March 2, 1989, the United States Environmental Protection Agency and the New Jersey Department of Environmental Protection executed an amendment to the State Superfund Contract, estimating the cost of site remedial action at $87,849,420.00.

61. On March 28, 1989, the New Jersey Department of Environmental Protection issued a Spill Act Directive in the matter of the Bridgeport Rental & Oil Services Waste Disposal Site demanding payment of environmental response costs.

62. Beginning on May 15, 1989, various recipients of the March 28, 1989 Directive, including the plaintiffs, without conceding any liability, paid the State of New Jersey more than $1.3 million in response costs.

63. During 1991 and 1992, plaintiffs conducted an investigation and developed facts regarding the extent of United States' involvement at the B.R.O.S. site and as one portion of the investigation petitioned the Court to permit and were allowed to take depositions pursuant to Rule 27 of the Federal Rules of Civil Procedure to preserve the testimony of Mr. Arman DeCola, B.R.O.S. site manager, and Mr. Laverne Phelps, a Regal Petroleum and B.R.O.S. truck driver who delivered wastes of the United States to the B.R.O.S. site.

64. Based upon the facts developed by the plaintiffs' investigation, tens of millions of gallons of

-13-

wastes containing hazardous substances from United States Army, Navy, Marine, and Air Force installations were taken to and/or disposed of at the B.R.O.S. site between 1960 and 1980.

### CLAIM FOR RELIEF
### PURSUANT TO CERCLA § 107(a)

65. Plaintiffs incorporate by reference as if set forth fully herein paragraphs 1 through 64, *supra*.

66. Each of the defendants is a "person" within the meaning of § 101(21) of CERCLA, 42 U.S.C. § 9601(21).

67. Sovereign immunity is waived as to the United States and each department, agency, and instrumentality thereof pursuant to § 120(a) of CERCLA, 42 U.S.C. § 9620(a).

68. The B.R.O.S. site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

69. Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including hazardous substances contained in tens of millions of gallons of waste oils, have been transported to, treated, and/or disposed of in the lagoon at the B.R.O.S. site.

70. Releases and the threat of continuing releases of hazardous substances from contaminated waste oils in the lagoon at the B.R.O.S. site into the environment within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22) have occurred and are continuing to occur.

-14-

PRIVILEGED AND CONFIDENTIAL B&D MA LM         0035592

71. The releases and threatened releases of hazardous substances from contaminated waste oils in the lagoon at the B.R.O.S. site have caused and will continue to cause the incurrence of "response costs."

72. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

 (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed, . . .

 (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport, for disposal, or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances,

 (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --

  (A) all costs for removal or remedial action incurred by the United States government or a state . . . not inconsistent with the National Contingency Plan;

  (B) any other necessary costs of response incurred by any other person consistent with the National Contingency Plan;

  (C) damages for injury to, destruction of, or loss of natural resources.

-15-

PRIVILEGED AND CONFIDENTIAL B&D MA LM  0035593

73. Defendants, Regal Petroleum Company, Bridgeport Rental & Oil Services, Inc., Dominick Borrelli, and Elia Borrelli, are each liable under CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2), as persons who were the owners or operators of the site within the meaning of § 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A) at the time of disposal of hazardous substances at the site.

74. Defendants, the United States of America, the Department of Defense, the Department of the Air Force, the Department of the Army, the Department of the Navy, the Defense Logistics Agency, the Defense Reutilization Marketing Office, are each liable under CERCLA § 107(a)(3), 42 U.S.C. § 9607(a)(3) as persons who by contract, agreement, or otherwise arranged for disposal or treatment or arranged with a transporter for disposal or treatment, of hazardous substances owned or possessed by such persons, by any other party or entity, at a facility owned or operated by another party or entity and containing such hazardous substances.

75. Defendants A&A Waste Oil, Inc., Albert Paul, and Mid-Atlantic Refinery Services, Inc. ("MARS") are each liable under CERCLA § 107(a)(4), 42 U.S.C. § 9607(a)(4) as persons who accepted hazardous substances from, inter alia, defendants the United States, Department of Defense, Department of the Army, Department of the Navy, Defense Logistics Agency, Defense Reutilization Marketing Office and others for transport to a disposal and/or treatment facility,

PRIVILEGED AND CONFIDENTIAL B&D MA LM        0035594

the B.R.O.S. site, from which there has been a release and/or a threat of release of hazardous substances contained in contaminated waste oils.

76. Plaintiffs have paid for and thereby incurred response costs in excess of $1 million, plus interest, and will continue to incur "response costs" as defined by §§ 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a), to respond to the release and/or threatened release of hazardous substances from the lagoon at the B.R.O.S. site, particularly hazardous substances contained in contaminated waste oil.

77. The portion of response costs paid by the plaintiffs in response to the release and/or threatened release of hazardous substances from the lagoon at the B.R.O.S. site are consistent with the National Contingency Plan ("NCP"), promulgated pursuant to § 105(a) of CERCLA, 42 U.S.C. § 9605(a), as codified at 40 C.F.R. Part 300.

78. Each defendant is jointly and severally liable for all response costs, including the costs of removal and remedial actions, incurred or to be incurred at or relating to the B.R.O.S. site.

79. Plaintiffs reserve the right to amend this complaint and/or to file a separate action, as authorized by Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against each of the defendants named in this complaint and any other potentially responsible parties under § 107(a) of CERCLA, 42

-17-

PRIVILEGED AND CONFIDENTIAL B&D MA LM                    0035595

U.S.C. § 9607(a) to recover further response costs incurred, or to be incurred, at the B.R.O.S. site.

WHEREFORE, plaintiffs request that this Court enter judgment in their favor and against each of the defendants, together with a declaratory judgment that pursuant to CERCLA § 107(a), each of the defendants is jointly and severally liable for response costs, including interest, incurred or to be incurred in connection with the B.R.O.S. site, together with costs, expenses, penalties, and attorneys' fees according to law.

_/s/ William H. Hyatt, Jr._

William H. Hyatt, Jr. (WHH, Jr., 2758)
Jeffrey M. Pollock (JMP, 1565)
PITNEY, HARDIN, KIPP & SZUCH
Park Avenue at Morris County
P.O. Box 1945
Morristown, NJ 07962-1945
(201) 966-6300

Attorneys for Plaintiffs
Rollins Environmental
 Services (NJ) Inc., et al.


Michael W. Steinberg (MWS, 8795)
MORGAN, LEWIS & BOCKIUS
1800 M Street, N.W.
Washington, DC 20036-5869
(202) 467-7141

Attorneys for Plaintiff
Rollins Environmental
 Services (NJ) Inc.

Date: March 20, 1992

-18-

PRIVILEGED AND CONFIDENTIAL B&D MA LM                0035596