# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE CO.
        Plaintiff,

V.

BLACK AND DECKER CORP., ET AL.
        Defendants.

CIVIL ACTION

NO. 96-10804-DPW

### FURTHER SCHEDULING ORDER

WOODLOCK, D.J.

After a conference this date, the following further order is hereby set:

(1) The Court requires the Plaintiff to file separate actions as to each claim/site, so that separate judgments may issue, to generate final Appeal rights. The Court may consider consolidating some claims/issues in these cases at a later time. The new Complaints shall be drawn to Judge Woodlock as related to 96cv10804-DPW, and shall be filed by **APRIL 2, 2004**. The Defendants' Answers shall be filed by **APRIL 9, 2004.**

2) With respect to the new complaints to be filed, the Court waives the filing fee for each new case. Unless, for logistical reasons[1], the Plaintiff is otherwise Ordered to do some other procedure in connection with filing of the Complaints, the Plaintiff shall provide the Court with a disk containing each Complaint in PDF form (identifying the site involved) and also provide Courtesy Copies of each Complaint with the Court.

3) The Defendants' counsel agrees to accept service with respect to each of the new Complaints, so that no summonses need issue from this Court.

4) The Court Orders that the case shall relate back to 96cv10804-DPW for all intents and purposes, including statute of limitations purposes. All pending motions shall be terminated in 96cv10804-DPW subject to renewal in the separate cases to be filed as deemed appropriate by the parties.

5) The next anticipated trials will be with respect to the Ansonia/Derby site, and the Long Term Exposure claims. The Court plans to issue a Memorandum on these claims upon summary judgment motions to be renewed in the separate cases to be filed. The Defendant may file additional briefs on these issues (in the new cases) by **APRIL 16, 2004;** The Plaintiff may file responsive briefs by **APRIL 26, 2004**; The parties shall file a JOINT STATUS REPORT with proposals as to how to proceed with the

---

[1] The Court may require the Plaintiff to provide the Clerk's Office with a listing of each new case, indicating the parties and the site involved, prior to April 2, 2004, so that case numbers may be assigned and the case opened in CM/ECF and the Complaints may then be electronically filed by the Plaintiff for each case. In that event, the Plaintiff shall also provide courtesy copies of each complaint to the Court.

      Ansonia/Derby site, by **APRIL 30, 2004**;

6) By **APRIL 2, 2004** the parties shall provide a Status Report (to be filed in 96cv10804-DPW) and include a Briefing Schedule with respect to 1) the Shaffer Landfill Site, 2) the JC Rhodes Site, 3) the Harmonic Drive Site, and a status with respect to the Medway, Aswego, and Fulton sites. The Status Report shall also include the status of the claims with respect to the Old Southington Landfill site and SRSNE site, and any other matters that the parties suggest need to be briefed.

7) With respect to the Stayed sites, the parties agree that the sites shall remain Stayed until further Order of this Court, except with respect to the Moorehead Farms site, as to which the Stay is Vacated. By APRIL 2, 2004, the parties shall report as to the Status of the Stayed sites (i.e. whether there remains a live controversy to be litigated).

8) With respect to the 93A issues, the Court will allow further discovery to be done. The parties shall propose a revised discovery schedule in a Status Report by **APRIL 2, 2004**.

9) With respect to Post Verdict and/or Post Judgment Motions regarding the Whitman and Bostik sites, the parties shall include in the STATUS REPORT, by APRIL 2, 2004, a proposed briefing schedule, with respect to the issues of 1) amount of damages, 2) amount of Attorneys' fees in the underlying case; 3) amount of Attorneys' fees in pursuing the claim, and 4) issues of allocation and set-off.

10) With respect to Alternative Dispute Resolution (ADR), this Court will not force any party to participate in ADR; however, the Court strongly urges the parties to consider participation in private ADR. By **APRIL 2, 2004**, the parties shall include in the Status Report, their positions with respect to participation in ADR.

12) ANY FILINGS MADE BY THE PARTIES SHALL BE ELECTRONICALLY FILED, WITH COURTESY COPIES (of substantive filings) PROVIDED TO THE COURT;

13) A further STATUS CONFERENCE will be set after the Court's review of the filings by the parties.

                                                        BY THE COURT

                                                        /s/ Rebecca Greenberg

DATED: March 19, 2004                             Deputy Clerk

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LIBERTY MUTUAL INSURANCE      )
COMPANY,                      )
     Plaintiff,               )
                              )    CIVIL ACTION NO.
     v.                       )    04-10659-DPW (BROS)
                              )
THE BLACK & DECKER CORPORATION, )
BLACK & DECKER, INC.,         )
BLACK & DECKER (U.S.) INC.,   )
EMHART CORPORATION, and       )
EMHART, INC.,                 )
     Defendants.              )
```

JUDGMENT
January 13, 2005

WOODLOCK, District Judge

In accordance with the Memorandum and Order entered this day in this matter and in reliance upon submissions in this case and in Civil Action 96-10804 -- the pleadings, submissions and rulings in which have been made a part of this case -- summary judgment regarding the BROS site is GRANTED to Plaintiff Liberty Mutual Insurance and it is hereby ORDERED, ADJUDGED and DECREED:

1.   JUDGMENT for Liberty Mutual Insurance Company against the Defendants on Count 1 of the Complaint, entitled "Declaration of No Coverage Obligations," pursuant to which it is hereby DECLARED:

    (a)  there is no coverage under any Liberty Mutual policy for the BROS site and any Claims arising out of the BROS site;

    (b)  Liberty Mutual owes no duty to defend defendants with respect to the BROS site and any Claims arising out of the BROS site; and

    (c)  Liberty Mutual has no duty to indemnify defendants for any liabilities defendants may have with respect to the BROS site and any Claims arising out the BROS site.

2.    Counts II and III of the Complaint, entitled "Declaration of Set-off of Defendants' Obligations" and "Applicability of Certain Policy Terms," respectively, are hereby dismissed as moot in view of the entry of judgment for Liberty Mutual Insurance Company on Count 1 of the Complaint.

3.    The Counterclaim of the Defendants against the Plaintiff is dismissed.

4.    Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiff shall recover costs, other than attorney's fees.

                              BY THE COURT,

                              /s/ Michelle Rynne
                              Deputy Clerk

DATED:  January 13, 2005